# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### CIVIL ACTION NO. 3:16-CV-675-RJC-DCK

| | |
|---|---|
| **RASHECA BARROW,** | ) |
| **Plaintiff,** | ) |
| v. | ) **ORDER AND MEMORANDUM** |
| | ) **AND RECOMMENDATION** |
| **BRANCH BANKING & TRUST COMPANY,** | ) |
| **Defendant.** | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Amend Complaint" (Document No. 11) filed on November 21, 2016, pursuant to Fed.R.Civ.P. 15(a)(2). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, and noting that Defendant does not object, the undersigned will grant the motion.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

It appears that there has been no initial attorney's conference and that no discovery has taken place thus far. Furthermore, the undersigned is not aware of any prejudice, bad faith, or futility that would outweigh the policy favoring granting leave to amend.

Therefore, because the undersigned will order Plaintiff to file an Amended Complaint which will supersede the original Complaint, the undersigned will respectfully recommend that "Defendant's Partial Motion To Dismiss Plaintiff's Complaint" (Document No. 6) be denied as moot. This recommendation is without prejudice to Defendant filing a renewed motion to dismiss the Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal

Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case.")); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Amend Complaint" (Document No. 11) is **GRANTED**. Plaintiff shall file its Amended Complaint on or before **November 30, 2016**.[1]

**IT IS RESPECTFULLY RECOMMENDED** that "Defendant's Partial Motion To Dismiss Plaintiff's Complaint" (Document No. 6) be **DENIED AS MOOT**, without prejudice to re-file.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

3

to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**SO ORDERED AND RECOMMENDED**.

Signed: November 23, 2016

David C. Keesler
United States Magistrate Judge

4