# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cv-00675-RJC-DCK

| | |
|---|---|
| RASCHECA BARROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| BRANCH BANKING & TRUST COMPANY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before Defendant's Motion to Dismiss, (Doc. No. 6), and the Magistrate Judge's Memorandum, Recommendation, and Order ("MR&O"), (Doc. No. 13), granting Plaintiff's Unopposed Motion to Amend Complaint, (Doc. No. 11), and recommending that this Court deny as moot Defendant's Motion to Dismiss. The parties have not filed objections to the MR&O and the time for doing so has expired. Fed. R. Civ. P. 72(b)(2).

## I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the MR&O. The Court adds that since the Magistrate Judge's MR&O, Plaintiff filed her an amended complaint pursuant to the MR&O, (Doc. No. 14), and Defendant filed a second motion to dismiss, (Doc. No. 17), which is pending before Magistrate Judge Keesler.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de

novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Yet, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). No objection to the MR&O having been filed, and the time for doing so having passed, the parties have waived their right to de novo review of any issue covered in the MR&O. Nevertheless, this Court has conducted a full review of the MR&O and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's MR&O, (Doc. No. 13), is **ADOPTED**; and

2. Defendant's First Motion to Dismiss, (Doc. No. 6), is **DISMISSED as moot**.

Signed: June 19, 2017

Robert J. Conrad, Jr.
United States District Judge