# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-675-RJC-DCK

| | |
|---|---|
| RASHECA BARROW, | ) |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| BRANCH BANKING & TRUST COMPANY, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Stay Proceedings" (Document No. 23). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion to stay.

## PROCEDURAL BACKGROUND

Plaintiff initiated this action with the filing of a "Complaint" (Document No. 1-1) (the "Complaint") in the Superior Court of Mecklenburg County, North Carolina, Case No. 16-CVS-14899, on August 19, 2016. Defendant BB&T filed its "Notice Of Removal Of Civil Action Under 28 U.S.C. § 1441 And 1446" (Document No. 1) on September 19, 2016.

"Defendant's Partial Motion To Dismiss Plaintiff's Complaint" (Document No. 6) was filed on October 17, 2016. Then on November 21, 2016, "Plaintiff's Motion To Amend Complaint" (Document No. 11) was filed without objection or opposition from Defendant. The undersigned issued an "Order And Memorandum And Recommendation" (Document No. 13) allowing "Plaintiff's Motion To Amend Complaint" and recommending that the "Defendant's Partial Motion To Dismiss Plaintiff's Complaint" be denied as moot.

The "First Amended Complaint" (Document No. 14) was filed on November 29, 2016, and asserts causes of action against Defendant BB&T for: (1) "Title VII of the Civil Rights Act of 1964 Retaliation, Race, and Failure to Promote; (2) Intentional Infliction of Emotional Distress; (3) Negligent Infliction of Emotional Distress (pled in the alternative); (4) Negligent Retention and Supervision; and (5) Civil Conspiracy. (Document No. 14, pp. 22-29). In addition, Plaintiff states in a footnote that she "preserves her right to further allege and amend her complaint for her retaliation and whistleblower claims: Title VIII of Sarbanes Oxley, the Dodd-Frank Wall Street Reform and Consumer Financial Protection Act, as Plaintiff has an ongoing parallel action in the United States Department of Labor – Office of Administrative Law Judges." (Document No. 14, p.1, n.1).

"Defendant's Partial Motion To Dismiss Plaintiff's First Amended Complaint" (Document No. 17) and "Memorandum Of Law In Support…" (Document No. 18) were filed on December 21, 2016. Defendant BB&T now seeks dismissal of four of Plaintiff's five claims against him pursuant to Fed.R.Civ.P. 12(b)(6). See (Document Nos. 17 and 18). Specifically, Defendant moves to dismiss Plaintiff's claims for: intentional infliction of emotional distress; negligent infliction of emotional distress; negligent retention and supervision; and civil conspiracy. Id. "Plaintiff's Memorandum Of Law In Opposition…" (Document No. 21) was filed January 4, 2017; and Defendant's "Reply In Support…" (Document No. 22) was filed on January 10, 2017.

"Plaintiff's Motion To Stay Proceedings" (Document No. 23) was filed on May 11, 2017. By her motion, Plaintiff requests the Court to stay this matter because of another ongoing administrative proceeding she contends involves the same facts and circumstances as the present case, and overlapping legal issues. (Document No. 23, p.1). Defendant filed its "Response In

Opposition…" (Document No. 24) on May 25, 2017; and "Plaintiff's Reply…" (Document No. 25) was filed on June 1, 2017.

The pending motion to stay is ripe for review and disposition.

## DISCUSSION

Under the circumstances, the undersigned is not persuaded that this matter should be stayed. First, Plaintiff filed this lawsuit eleven (11) months after initiating the administrative action. (Document No. 23, pp.2-3). Plaintiff then waited eight (8) months, until after Defendant had filed and briefed two (2) motions to dismiss, to suggest that this matter should be stayed based on the "parallel" proceeding.

Next, and more importantly, the undersigned is not convinced that Plaintiff will suffer any prejudice if required to proceed with this lawsuit. In fact, some discovery, followed by mediation, may assist with the efficient resolution of one or both actions filed by Plaintiff. If the parties are unable to reach a resolution prior to the deadline for filing summary judgment motions in this case, then the Court may reconsider whether a stay is appropriate based on the progress of this case and the status of the administrative action. As such, the undersigned will recommend that the motion to stay be denied, without prejudice to re-file a similar request at a later date.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Stay Proceedings" (Document No. 23) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the parties shall conduct an Initial Attorney's Conference and file a Certification of Initial Attorney's Conference, as directed in Local Rule 16.1, on or before **July 28, 2017**.

**SO ORDERED**.

Signed: July 7, 2017

David C. Keesler
United States Magistrate Judge