# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-675-RJC-DCK

| | |
|---|---|
| RASHECA BARROW, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| BRANCH BANKING & TRUST COMPANY, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Seal Documents Or In The Alternative, To File Redacted Copies" (Document No. 31) filed July 28, 2017. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, and noting Defendant's consent, the undersigned will grant the motion in part, allowing the alternative relief requested.

By the instant motion, Plaintiff seeks leave to file medical records under seal, or alternatively, redacted versions of her medical records. (Document No. 31-1). It is not entirely clear why Plaintiff seeks to file such records at this stage, but it appears she may believe these records will support her contention that she suffered severe emotional distress as a result of Defendant's actions. See (Document No. 30, pp.8-9).

Notably, the crux of Defendant's argument to dismiss Plaintiff's intentional infliction of emotional distress ("IIED") claim was that she had failed to adequately allege "extreme and outrageous" conduct by Defendant, not that she did not suffer severe emotional distress. See (Document No. 18, pp.5-10). Moreover, the undersigned's "Memorandum And

Recommendation," recommending dismissal of Plaintiff's IIED claim based on Defendant's argument, noted that "Plaintiff was diagnosed by her doctor with 'acute work-related stress induced anxiety,' was prescribed anxiety medication, and was excused from work under the FMLA." (Document No. 28, p.2) (citing Document No. 14, p.17).  The "Memorandum And Recommendation" went on to agree that Plaintiff had failed to make sufficient allegations of "extreme and outrageous" conduct to support her IIED claim.  (Document No. 28, pp.6-9).

Nevertheless, if Plaintiff believes that filing her medical records is necessary to support her objections, the Court will allow her to do so.  The question is whether such filing should be under seal or by redacted versions.  In this instance, the undersigned finds that Plaintiff has appropriately identified a less drastic alternative to sealing and that she should file redacted versions of her medical records as proposed.  See (Document No. 31-1, p.4); see also Local Rule 6.1 (C)(2).

If the Court finds that unredacted versions of Plaintiff's medical records would assist its consideration of this matter, the Court may request that unredacted versions be submitted by cyberclerk for *in camera* review.  See Local Rule 6.1 (D).

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Seal Documents Or In The Alternative, To File Redacted Copies" (Document No. 31) is **GRANTED in part**.  Plaintiff may file **redacted** medical records in support of her "…Objections To Memorandum Opinion And Recommendation" (Document No. 30).

**SO ORDERED**.

Signed: July 28, 2017

David C. Keesler
United States Magistrate Judge