# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:16-CV-675-RJC-DCK

| | |
|---|---|
| **RASHECA BARROW,** | ) |
|         **Plaintiff,** | ) |
| v. | ) |
| | ) |
| **BRANCH BANKING & TRUST COMPANY** | ) |
| **(aka "BB & T" or BRANCH BANKING &** | ) |
| **TRUST"),** | ) |
|         **Defendant.** | ) |
| | ) |

## CONSENT PROTECTIVE ORDER

This matter comes before the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and upon Joint Motion of Plaintiff and Defendant for a Protective Order to allow for the production of confidential and/or proprietary information. It appearing to the Court that the discovery process in this action may involve the production of information that a party may contend is confidential and/or proprietary information; now therefore, upon review of the record and relevant legal authority, and for good cause shown, the Court finds and concludes that a Protective Order should be entered to limit and protect the disclosure of such confidential and/or proprietary information; now therefore

The Court **GRANTS** the Motion and, **IT IS THEREFORE ORDERED** that:

1. "Confidential Information" as used herein means: personnel information of Plaintiff and other current or former employees of Defendant; Plaintiff's personal information, including medical, financial and tax records; and, all proprietary, business, financial or other commercially sensitive information, including, but not limited to, Defendant's policies, procedures, personnel records, financial information, transaction information, and any contracts,

agreements, or other documents entered into by Defendant with or on behalf of Defendant's clients or customers, whether documentary or otherwise, designated as "confidential" and delivered, produced or disclosed by any party in this action, or by a third party, voluntarily or in response to an interrogatory, a request for production of documents, a deposition question, subpoena or otherwise. The designation of documents or information as "Confidential Information" shall not be conclusive for purposes of any substantive issues in this case.

    2.    <u>Procedure for Designating Information as Confidential.</u>  Parties may designate confidential materials in the following manner:

    (a)    In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method that will make the word conspicuous;

    (b)    In the case of depositions or other pretrial testimony in this action by the parties or any of their officers or employees, by a statement to that effect on the record by the party who claims that confidential material is about to be or has been disclosed. Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as confidential material, that party should indicate in a clear fashion the portion of the document or testimony that is intended to be designated confidential.

3. All documents produced or information provided or disclosed by any party in discovery in this action or by a third party as identified in paragraph 1 shall be treated as confidential and the use or disclosure of such documents or information shall be governed by the terms of this Order, provided that the party or third party producing or otherwise disclosing such

documents or information designates such documents or information as Confidential Information at the time of production or disclosure or as otherwise provided herein. All information received directly by either party as a result of a subpoena, from a third party service provider or a medical provider having provided medical care to Plaintiff or other employee(s) and documents received as a result of Plaintiff's or other employee's medical release or other authorization to obtain said medical information shall automatically be deemed "confidential information" and subject to this Order.

4. Confidential Information, including copies or summaries thereof, shall be used only for the prosecution or defense of this action (including, but not limited to, any mediation, arbitration, or other settlement process, as well as appeals of this action) and shall not be used or employed for any other purpose whatsoever. Confidential Information shall not be disclosed or made available to anyone except:

a. the Court;

b. the parties to this action and officers, directors or employees of the parties who are actively participating in the prosecution or defense of this action and are deemed necessary for the preparation and trial of this action;

c. counsel for the parties to this action and employees or independent contractors of said counsel;

d. experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

e. court reporters engaged to record depositions, hearings or trials in this action; and

f. mediators assigned to this case or selected by agreement of the parties.

5. Disclosure of Confidential Information pursuant to this Order shall be handled as follows:

a. Any person described in subparagraphs 4(a), (b), (c), (e) and (f) of this Order is bound by the provisions of this Order without the necessity of executing a confidentiality agreement;

b. Before Confidential Information is disclosed to any person set forth in subparagraphs 3(d) of this Order, the party disclosing the information shall inform the person to whom the disclosure is to be made that Confidential Information shall be used for the purposes of the prosecution or defense of this action only, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as <u>Exhibit A</u>; and

c. As long as Confidential Information is handled in accordance with this Order, this Order shall not be construed as prohibiting or restricting the use of Confidential Information during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the admissibility of any Confidential Information into evidence in connection with any proceeding in this action.

6. Any Confidential Information which is filed with the Court shall be filed under seal pursuant to Local Rule of Civil Procedure 6.1. In the event any Confidential Information is filed with the Court other than via the Court's electronic case filing system, such Confidential Information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title in this action, an indication of the nature and contents thereof, the legend "Confidential" and a statement substantially in the following form:

> This envelope is sealed pursuant to Order of the Court and contains confidential information. The envelope is not to be opened or the contents thereof to be displayed or revealed by any person other than the Court or the attorneys for the parties except by further order of the Court or pursuant to stipulation of the parties to this action.

7. If a party or witness desires to designate any portion of a deposition as Confidential Information, the designating party or witness shall have thirty (30) days after receipt of the transcript to designate portions of the transcript or exhibits thereto as Confidential Information and inform counsel of record in writing of such designation.

8. The party producing any documents or information subject to this Protective Order shall have the right to use its discretion in designating materials subject to this Order to be confidential information. However, the party shall be obligated to designate only documents or information which it believes in good faith to be confidential information within the scope of Rule 26(c) of the Federal Rules of Civil Procedure. Moreover, the party shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations.

9. Nothing in this Order shall prevent the disclosure of Confidential Information beyond the terms of this Order if the party or third party that produced the information consents in advance in writing.

10. This order shall not limit or in any way restrict the right of any person or entity to use, disseminate, dispose of, or otherwise benefit from documents or information obtained (i) other than through discovery in this action, or (ii) from any person or entity with authority to provide such documents or information independent of any confidentiality requirement imposed by this Order.

11. If any party hereto disagrees with the designation of any documents or information as Confidential Information, counsel shall attempt to resolve the disagreement on an informal basis. If it is necessary to present the dispute to the Court for resolution, the material in question shall continue to be treated as confidential under the terms of this Order unless and until the Court issues a final ruling that the material is not of a confidential nature. In the event of any such dispute, the party who designated the documents or information as Confidential Information shall have the burden of proving the confidential nature of such documents or information.

12. This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the Court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate.

13. This Order shall remain in effect for the period of this litigation and subsequent to its termination so as to protect the confidentiality of the Confidential Information.

14. Ultimate disposition of materials and information protected by this Order is subject to a final order of the Court upon completion of litigation. However, in the absence of a final order of the Court addressing the disposition of Confidential Information, the parties agree that counsel for each party shall, not later than thirty (30) days after the termination of this litigation, collect from any experts, consultants or third party witnesses to whom any documents containing Confidential Information were disclosed pursuant to the terms of this Order, any and all documents containing Confidential Information, including without limitation, any copies or excerpts of such documents. Counsel of record for each party shall be permitted to retain in their files a copy of all documents containing information subject to this Order obtained during the course of this litigation; provided, however, the prohibitions against the use or disclosure of Confidential Information as set forth above shall continue to apply to said counsel.

WE CONSENT this 31st day of January, 2018:

s/BARTINA L. EDWARDS
Bartina L. Edwards (N.C. Bar No. 32663)
bedwards@blelaw.com
**THE LAW OFFICE OF BARTINA L. EDWARDS**
10130 Mallard Creek Road, Suite 300
Charlotte, NC  28262
Telephone: 704-944-5540
Facsimile:  704-944-5521
*Attorney for Plaintiff*

s/KEVIN M. CEGLOWSKI
Kevin M. Ceglowski (N.C. Bar No. 35703)
kceglowki@poynerspruill.com
**POYNER SPRUILL LLP**
301 Fayetteville Street, Suite 1900
Raleigh, NC 27601
Telephone: (919) 783-6400
Facsimile:  (919) 783-1075

*Attorney for Defendant*


      **IT IS SO ORDERED**.


Signed: February 5, 2018

David C. Keesler
United States Magistrate Judge

EXHIBIT A

CONFIDENTIALITY AGREEMENT

      I have read and am familiar with the terms of the Protective Order governing the disclosure of confidential information in the case of **RASHECA BARROW V. BRANCH BANKING AND TRUST COMPANY (aka "BB & T" or "Branch Banking & Trust"),** and I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information or material obtained pursuant to that Order other than for purposes of this litigation.

      I also agree to return to counsel of record, or to a party if unrepresented, not later than thirty (30) days after the termination of this litigation any and all documents obtained or received by me containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports or other written or electronic communications or documents prepared by any person at any time containing information covered by the terms of said Order).

Name: _____

Date: _____